Rod D. Margo (State Bar No.: 97706)
rmargo@condonlaw.com
Julia K. Doyle (State Bar No.: 245020)
jdoyle@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LIMITED

UNITED STATES DISTICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANEESH PATEL, a minor, by and through his Guardian Ad Litem, KAMAL PATEL; VANDANA SHAH,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHAY PACIFIC AIRWAYS, LTD.; and Does 1 to 50,<br><br>Defendants. | Case No. CV-07-6052 MEJ<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF CATHAY PACIFIC AIRWAYS LIMITED TO PLAINTIFFS' COMPLAINT** |

Defendant Cathay Pacific Airways Limited ("Cathay Pacific"), through its attorneys of record, answers the complaint of plaintiffs Vandana Shah and Aneesh Patel, a minor, represented by and through his Guardian Ad Litem, Kamal Patel (collectively, "Plaintiffs") as follows:

AS TO THE GENERAL ALLEGATIONS

1. Cathay Pacific denies the allegations in paragraphs 1 and 2 of the complaint, except Cathay Pacific admits that the complaint Plaintiffs served on Cathay Pacific consists of five pages.

2. Cathay Pacific is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the complaint and, on this basis, denies said allegations.

3. Cathay Pacific denies the allegations in paragraphs 5 and 6 of the complaint, except that Cathay Pacific admits that it is a corporation organized and existing under the laws of Hong Kong with its principal place of business located in Hong Kong.

4. Cathay Pacific denies the allegations in paragraph 8 of the complaint, except Cathay Pacific admits that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over this civil action as it arises under a treaty of the United States, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003), reprinted in S. Treaty Doc. No. 106–45, 1999 WL 33292734 (commonly and hereinafter "Montreal Convention"), or, alternatively, its predecessor, the Convention for Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000 (1934), T.S. No. 876, 137 L.N.T.S. 11, reprinted in 49 U.S.C. § 40105 (note) (1997), as amended by the Protocol done at the Hague on September 28, 1955, reprinted in S. Exec. Rep. No. 105–20, pp. 21–32 (1998) (commonly and hereinafter "Warsaw Convention").

5. Cathay Pacific denies the allegations in paragraphs 10, 11, and 14 of the complaint.

CONDON & FORSYTH LLP
1901 Aveneue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

## AS TO THE FIRST CAUSE OF ACTION

(General Negligence)

6. Answering paragraph GN-1 of the complaint, Cathay Pacific repeats, reiterates and re-alleges each and every answer in paragraphs 1 through 5, inclusive, of this answer with the same force and effect as if set forth herein in full.

7. Cathay Pacific denies the allegations in paragraph GN-1 of the complaint, except Cathay Pacific admits that on or about July 6, 2007, Cathay Pacific operated flight CX872 from Hong Kong to San Francisco, California.

AS TO THE SECOND CAUSE OF ACTION

(Motor Vehicle)

8. Answering paragraphs MV-1 and MV-2 of the complaint, Cathay Pacific repeats, reiterates and re-alleges each and every answer in paragraphs 1 through 7, inclusive, of this answer with the same force and effect as if set forth herein in full.

9. Cathay Pacific denies the allegations in paragraphs MV-1 and MV-2 of the complaint, except Cathay Pacific admits that on or about July 6, 2007, Cathay Pacific operated flight CX872 from Hong Kong to San Francisco, California.

FIRST AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

10. Plaintiffs' claims in this action are exclusively governed by the Montreal Convention, or alternatively, by its predecessor, the Warsaw Convention.

SECOND AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

11. Cathay Pacific is not liable to Plaintiffs because the alleged damages complained of were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention, or, alternatively, Article 17 of the Warsaw Convention.

/ /

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

THIRD AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

12. The liability of Cathay Pacific, if any, is limited by Article 21 of the Montreal Convention, because Plaintiffs' damages, if any, were not due to the negligence or other wrongful acts or omissions of Cathay Pacific or its servants or agents.

FOURTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

13. The liability of Cathay Pacific, if any, is limited by Article 21 of the Montreal Convention, because Plaintiffs' damages, if any, were solely due to the negligence or other wrongful act or omission of a third party.

FIFTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

14. The liability of Cathay Pacific, if any, is limited by Article 20 of the Warsaw Convention, because Cathay Pacific, its servants and agents have taken all necessary measures to avoid the damages alleged by Plaintiffs, or it was impossible for them to take such measures.

SIXTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

15. The liability of Cathay Pacific, if any, with respect to Plaintiffs' alleged damages is limited or excluded in accordance with the terms and conditions of the Montreal Convention, or, alternatively, the Warsaw Convention, Cathay Pacific's conditions of carriage, Cathay Pacific's conditions of contract, Cathay Pacific's tariffs on file with the Department of Transportation, and/or the

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

limits of liability provided for under the laws of Hong Kong and/or China.

SEVENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

16. Venue is improper in California and elsewhere in the United States under the doctrine of *forum non conveniens*.

EIGHTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

17. Plaintiffs' complaint is barred because Plaintiffs lack the standing and/or capacity to bring this action.

NINTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

18. Plaintiffs' complaint is barred because it fails to state facts sufficient to state a claim for relief against Cathay Pacific.

TENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

19. Any injuries, damages, or loss sustained by Plaintiffs, if such occurred, were proximately caused and contributed to by their own negligence in that they did not exercise ordinary care on their own behalf and acted recklessly or carelessly at the times and places set forth in the complaint. Accordingly, Plaintiffs' recovery, if any, should be reduced by the amount of negligence attributable to the conduct of Plaintiffs.

/ /

/ /

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

ELEVENTH AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

20. The incident alleged in the complaint, and the damages Plaintiffs allege they sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than Cathay Pacific; however, in the event that a finding is made that negligence exists on the part of Cathay Pacific, which proximately contributed to Plaintiffs' damages alleged in the complaint, Cathay Pacific's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and damages upon which Plaintiffs seek recovery.

TWELFTH AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

21. Plaintiffs' damages, if any, are due to the acts or omissions of persons or entities other than Cathay Pacific; however, in the event a finding is made that liability exists on the part of Cathay Pacific, Cathay Pacific is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

THIRTEENTH AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

22. The injuries and damages allegedly suffered by Plaintiffs were caused by intervening and superceding causes, and were not caused by Cathay Pacific.

/ /

/ /

/ /

FOURTEENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

23. Plaintiffs failed to exercise reasonable care and diligence to mitigate their alleged damages, if any, and on this ground their claims must be limited or excluded under the applicable law, including, but not limited to, the Montreal Convention, or, alternatively, the Warsaw Convention.

FIFTEENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

24. The incident and damages alleged in the complaint, if occasioned by fault, are attributable to the conduct of third persons or entities over whom Cathay Pacific had no control at any time relevant hereto.

SIXTEENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

25. Plaintiffs' claims are expressly preempted by 49 U.S.C. § 41713 to the extent that they relate to rates, routes and/or services.

SEVENTEENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

26. Plaintiffs' complaint is barred by the applicable statutes of limitation.

EIGHTEENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

27. Plaintiffs' damages are barred because Plaintiffs knowingly, voluntarily and freely assumed the risk of all activities alleged in Plaintiffs' complaint.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

NINETEENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

28. The incident alleged in the complaint, and the injuries and damages Plaintiffs allege they sustained, were not proximately caused by any act or omission on the part of Cathay Pacific.

TWENTIETH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

29. Cathay Pacific's liability to Plaintiffs, if any, is limited or excluded pursuant to Article 20 of the Montreal Convention, or, alternatively, Article 21 of the Warsaw Convention, because Plaintiffs' alleged injuries and damages were caused or contributed to by Plaintiffs' own negligent or other wrongful acts or omissions.

//
//
//
//
//
//
//
//
//
//
//
//
//

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

RULE 44.1 NOTICE

30. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Cathay Pacific hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, including any applicable limitation of damages which may be contained therein.

WHEREFORE, Cathay Pacific prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their complaint;

2. That Cathay Pacific be awarded costs of suit incurred herein, including reasonable attorneys' fees; and

3. For such other and further relief as the court deems just and proper.

Dated: December 4, 2007

CONDON & FORSYTH LLP

By: Rod D. Margo
ROD D. MARGO
JULIA K. DOYLE
Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LIMITED

-9-

ANSWER AND AFFIRMATIVE DEFENSES OF CATHAY PACIFIC AIRWAYS LIMITED TO PLAINTIIFFS' COMPLAINT
CASE NO. CV07-6052 MEJ

# PROOF OF SERVICE

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 850, Los Angeles, California 90067-6010. On December 4, 2007, I served the within document:

**ANSWER AND AFFIRMATIVE DEFENSES OF CATHAY PACIFIC AIRWAYS LIMITED TO PLAINTIFFS' COMPLAINT**

☐ **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below

☒ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☐ **(By Personal Service)**: I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

☐ **(By Overnight Courier)**: I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

Louis Franecke, Esq.
Franecke Law Group
1115 Irwin Street, Suite 100
San Rafael, California 94901

**(Federal)**: I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 4, 2007, at Los Angeles, California.

Elisabeth Sillars
Elisabeth Sillars