JS 44 - SAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I. (a) PLAINTIFFS**

AKEESH PATEL, a minor, by and through his Guardian Ad Litem, KAMAL PATEL; VANDANA SHAH

**DEFENDANTS**

CATHAY PACIFIC AIRWAYS, LTD., and Does 1 to 50

E-filing

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ____________
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Hong Kong
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Louis Franecke (State Bar No.: 52386)
Franecke Law Group
1115 Irwin Street, Suite 100
San Rafael, California 94901

ATTORNEYS (IF KNOWN)
Rod D. Margo (State Bar No.: 97706)
Julia K. Doyle (State Bar No.: 245020)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appelate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [X] 310 Airplane
- 315 Airplane Product Liability
- 320 Assault Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

PERSONAL INJURY
- 362 Personal Injury Med Malpractice
- 365 Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing
- 444 Welfare
- 440 Other Civil Rights
- 445 Amer w/ disab - Empl
- 446 Amer w/ disab - Other

**PRISONER PETITIONS**
- 510 Motion to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt Relations
- 730 Labor/Mgmt Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (US Plaintiff or Defendant)
- 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. 1441(b); MONTREAL CONVENTION; WARSAW CONVENTION.

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: [ ] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)** [ ] SAN FRANCISCO/OAKLAND [ ] SAN JOSE

DATE 11/28/2007 SIGNATURE OF ATTORNEY OF RECORD Rod D. Margo

ORIGINAL

NDC-JS44

Rod D. Margo (State Bar No.: 97706)
rmargo@condonlaw.com
Julia K. Doyle (State Bar No.: 245020)
jdoyle@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LIMITED

E-filing

MEJ

UNITED STATES DISTICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANEESH PATEL, a minor, by and through his Guardian Ad Litem, KAMAL PATEL; VANDANA SHAH,

Plaintiffs,

vs.

CATHAY PACIFIC AIRWAYS, LTD.; and Does 1 to 50,

Defendants.

Case No. CV 07 6052

**CERTIFICATE OF INTERESTED ENTITIES OR PERSONS OF CATHAY PACIFIC AIRWAYS, LTD.**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceedings, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

/ /

/ /

/ /

1. Cathay Pacific Airways, Ltd.;
2. Swire Group;
3. CNAC Limited;
4. CITIC Pacific; and
2. Various underwriters in the International Insurance Market.

Dated: November 28, 2007

CONDON & FORSYTH LLP

By: [signature]
ROD D. MARGO
JULIA K. DOYLE
Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LIMITED

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

# PROOF OF SERVICE

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 850, Los Angeles, California 90067-6010. On November 29, 2007, I served the within document:

**CERTIFICATE OF INTERESTED ENTITIES OR PERSONS OF CATHAY PACIFIC AIRWAYS' LTD.**

☐ **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below

☒ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☐ **(By Personal Service):** I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

☐ **(By Overnight Courier):** I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

Louis Franecke, Esq.
Franecke Law Group
1115 Irwin Street, Suite 100
San Rafael, California 94901

**(Federal):** I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 29, 2007, at Los Angeles, California.

Elisabeth Sillars (signature)
Elisabeth Sillars

Rod D. Margo (State Bar No.: 97706)
rmargo@condonlaw.com
Julia K. Doyle (State Bar No.: 245020)
jdoyle@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LIMITED

UNITED STATES DISTICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANEESH PATEL, a minor, by and through his Guardian Ad Litem, KAMAL PATEL; VANDANA SHAH,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHAY PACIFIC AIRWAYS, LTD.; and Does 1 to 50,<br><br>Defendants. | Case No. CV07-0652 MEJ<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendant Cathay Pacific Airways, Ltd. ("Cathay Pacific") has filed in the United States District Court for the Northern District of California its Notice of Removal of Civil Action to the United States District Court, a copy of which is attached hereto as Exhibit A.

//

//

//

//

//

PLEASE TAKE FURTHER NOTICE THAT a copy of the Notice of Removal has been filed with the Clerk of the Superior Court of the State of California for the County of San Francisco located at 400 McAllister Street, San Francisco, California 94102.

Dated: December 4, 2007

CONDON & FORSYTH LLP

By: [signature]
ROD D. MARGO
JULIA K. DOYLE
Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LIMITED

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

# PROOF OF SERVICE

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 850, Los Angeles, California 90067-6010. On December 4, 2007, I served the within document:

**NOTICE OF FILING OF NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

☐ **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below

☒ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☐ **(By Personal Service):** I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

☐ **(By Overnight Courier):** I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

Louis Franecke, Esq.
Franecke Law Group
1115 Irwin Street, Suite 100
San Rafael, California 94901

**(Federal):** I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 4, 2007, at Los Angeles, California.

Elisabeth Sillars
Elisabeth Sillars

EXHIBIT A

Rod D. Margo (State Bar No.: 97706)
rmargo@condonlaw.com
Julia K. Doyle (State Bar No.: 245020)
jdoyle@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LIMITED

E-filing

MEJ

UNITED STATES DISTICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANEESH PATEL, a minor, by and through his Guardian Ad Litem, KAMAL PATEL; VANDANA SHAH,

Plaintiffs,

vs.

CATHAY PACIFIC AIRWAYS, LTD.; and Does 1 to 50,

Defendants.

Case No. CV 07 6052

**CATHAY PACIFIC AIRWAYS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Defendant Cathay Pacific Airways Limited (hereinafter "Cathay Pacific"), by and through its attorneys, Condon & Forsyth LLP, hereby removes this pending action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California on the following grounds:

1. On September 27, 2007, there was filed in the Superior Court of the State of California for the County of San Francisco, the attached summons and complaint bearing Case No. CGC-07-467648 in the records and files of that Court. True and correct copies of the summons and complaint filed in the State Court are

EXHIBIT A

attached hereto as Exhibit A.

2. Cathay Pacific first received copies of the summons and complaint on November 5, 2007.

3. In the complaint, plaintiffs Aneesh Patel and Vandana Shah allege that on, or about, July 6, 2007, plaintiffs were traveling pursuant to passenger tickets providing for international transportation on board Cathay Pacific flight CX872 from Hong Kong to San Francisco, California. According to the complaint, during this transportation, plaintiffs were allegedly served a cup of hot water, which was dropped and spilled, causing plaintiff Aneesh Patel to sustain burns to his legs, genital area, and stomach area. The complaint alleges that plaintiff Aneesh Patel has been subjected to pain, suffering, scarring, blistering, discoloration, disfigurement, and emotional and mental distress, and that plaintiff Vandana Shah has suffered emotional and mental distress by witnessing the injuries to her son. *See* Plaintiffs' Complaint, attached hereto as Exhibit "A."

4. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1331, and is one which may be removed to the Court by Cathay Pacific pursuant to the provisions of 28 U.S.C. Section 1441(b), in that it arises under the Montreal Convention, formally known as the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734, a treaty of the United States. The Montreal Convention is the successor to the Warsaw Convention, (*Hosaka v. United Airlines, Inc.*, 305 F.3d 989, 996 (9th Cir. 2002)) and unifies and replaces the system of liability that derives from the Warsaw Convention. *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 371 (2nd Cir. 2004).

5. Both the Warsaw Convention, and its successor, the Montreal Convention, are applicable to all "international carriage of persons, baggage or goods performed by aircraft for reward." Montreal Convention, Art. 1(1); *see also*

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Warsaw Convention, Art. 1(1); *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366 (2nd Cir. 2004); *see Rodriguez v. Ansett Australia Ltd.*, 383 F.3d 914, 916 (9th Cir. 2004) (Warsaw Convention).

6. Article 1(2) of the Warsaw Convention defines "international carriage," in pertinent part, as any carriage where the place of departure and destination are "within the territory of two High Contracting Parties." Warsaw Convention, Art. 1(2).

7. Article 1(2) of the Montreal Convention defines "international carriage," in pertinent part, as any carriage where the place of departure and destination are "within the territory of a single State Party, if there is an agreed stopping place within the territory of another State, even if that State is not a State Party." Montreal Convention, Art. 1(2).

8. According to plaintiffs' complaint, plaintiffs were passengers on an international flight from Hong Kong to San Francisco, California, on or about July 6, 2007. Both Hong Kong and the United States are High Contracting Parties to the Warsaw Convention.

9. According to Cathay Pacific's records, plaintiffs' passenger tickets provided for round-trip transportation commencing in San Francisco, on or about June 12, 2007, and terminating in San Francisco, on or about July 6, 2007, with intermediate stopping places in Hong Kong, Bangkok, Thailand and Bangalore, India. *See* Ticket Document Information, attached hereto as Exhibit "B." The United States is a High Contracting Party to the Montreal Convention.

10. The transportation out of which the subject matter of this action arose was "international carriage" as defined by Article 1(2) of the Montreal Convention, and/or Article 1(2) of the Warsaw Convention.

11. If plaintiffs were traveling one-way from Hong Kong to San Francisco, their claims are governed by the Warsaw Convention. If plaintiffs were traveling round-trip from San Francisco to Bangalore, and returned to San

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Francisco via Hong Kong and Bangkok, their claims are governed by the Montreal Convention. In either case, the applicable Convention completely preempts plaintiffs' state law claims and exclusively governs the rights and liabilities of the parties to this action. Montreal Convention, Art. 29; Warsaw Convention, Art. 24; *see also Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 111 (S.D.N.Y. 2004) (preemptive effect of Montreal Convention is "substantially the same" as that of Warsaw Convention); *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999) (Warsaw Convention); *Carey v. United Airlines*, 255 F.3d 1044 (9th Cir. 2001) (same). Accordingly, the underlying action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1331, as the action arises under a treaty of the United States.

12. The defendants identified as "DOES 1 to 50" in plaintiffs' complaint are merely fictitious parties against whom no cause of action can be validly alleged. To the best of Cathay Pacific's information and belief, no fictitiously designated defendant has been served with process.

13. Cathay Pacific is the only defendant in this action and, therefore, no joinder is necessary in this removal.

WHEREFORE, defendant Cathay Pacific Airways Limited prays that the above-entitled action now pending in the Superior Court of California for the County of San Francisco, be removed to this Court pursuant to 28 U.S.C. Section 1441.

Dated: November 27, 2007

CONDON & FORSYTH LLP

By: [signature]

ROD D. MARGO
JULIA K. DOYLE
Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LIMITED

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
CATHAY PACIFIC AIRWAYS, LTD., and DOES 1-50

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANEESH PATEL, a minor, by and through his Guardian Ad Litem, KAMAL PATEL; VANDANA SHAH

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco County Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER: *(Número del Caso):* CGC-07-467648

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Louis Franecke, Esq., Franecke Law Group, 1115 Irwin Street, Suite 100, San Rafael, CA (415) 457-7040
Mehinder Mann, Esq., The Mann Law Firm, 1027 West Taylor Street, San Jose, CA 95126 (408) 287-1600

DATE: OCT 29 2007 GORDON PARK-LI Clerk, by KAREN LUI Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [XX] on behalf of *(specify)*: CATHAY PACIFIC AIRWAYS, LTD.
under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

000001

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Louis S. Franecke (SBN 52386) Mohinder S. Mann (SBN 103165)
Franecke Law Group The Mann Law Firm
1115 Irwin Street, Suite 100 1027 West Taylor Street
San Rafael, CA 94901 San Jose, CA 95126
TELEPHONE NO: 415-457-7040 FAX NO. (Optional): Ph: 408-287-1600
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs ANEESH PATEL, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

FOR COURT USE ONLY

ENDORSED FILED San Francisco County Superior Court
2007 SEP 27 PM 2:56
GORDON PARK-LI, CLERK
BY: Deborah Steppe DEPUTY CLERK

PLAINTIFF: ANEESH PATEL, a minor, by and through his Guardian Ad Litem KAMAL PATEL; VANDANA SHAH

DEFENDANT: CATHAY PACIFIC AIRWAYS, LTD.

[✓] DOES 1 TO 50

CASE MANAGEMENT CONFERENCE SET

FEB 29 2008 -9 AM

DEPARTMENT 212

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

[ ] AMENDED *(Number)*:

Type *(check all that apply)*:

[ ] MOTOR VEHICLE [✓] OTHER *(specify)*: Airline
[ ] Property Damage [ ] Wrongful Death
[✓] Personal Injury [ ] Other Damages *(specify)*:

Jurisdiction *(check all that apply)*:

[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:

CGC-07-467648

1. Plaintiff *(name or names)*: ANEESH PATEL, through his Guardian KAMAL PATEL; VANDANA SHAH alleges causes of action against defendant *(name or names)*: CATHAY PACIFIC AIRWAYS, LTD.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
   a. [✓] except plaintiff *(name)*: Aneesh Patel
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [✓] a minor [ ] an adult
         (a) [✓] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:
   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]
COMPLAINT—Personal Injury, Property Damage, Wrongful Death
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com
000002

PLD-PI-001

| SHORT TITLE: PATEL, et al. v. CATHAY PACIFIC AIRWAYS, LTD., et al. | CASE NUMBER: |
|---|---|

4. [ ] Plaintiff *(name)*:
is doing business under the fictitious name *(specify)*:

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
a. [✓] except defendant *(name)*: Cathay Pac. Airways
(1) [✓] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe)*:

(4) [ ] a public entity *(describe)*:

(5) [ ] other *(specify)*:

b. [✓] except defendant *(name)*: Does 10 to 50
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe)*:

(4) [ ] a public entity *(describe)*:

(5) [ ] other *(specify)*:

c. [ ] except defendant *(name)*:
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe)*:

(4) [ ] a public entity *(describe)*:

(5) [ ] other *(specify)*:

d. [ ] except defendant *(name)*:
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe)*:

(4) [ ] a public entity *(describe)*:

(5) [ ] other *(specify)*:

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
a. [✓] Doe defendants *(specify Doe numbers)*: 1-50 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
b. [✓] Doe defendants *(specify Doe numbers)*: 1-9 are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
a. [✓] at least one defendant now resides in its jurisdictional area.
b. [✓] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. [✓] injury to person or damage to personal property occurred in its jurisdictional area.
d. [✓] other *(specify)*:
1. Defendants subject themselves to jurisdiction by doing business and having significant contacts.
2. End destination of the flight was San Francisco, California, U.S.A.

9. [ ] Plaintiff is required to comply with a claims statute, and
a. [ ] has complied with applicable claims statutes, or
b. [ ] is excused from complying because *(specify)*:

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PATEL, et al. v. CATHAY PACIFIC AIRWAYS, LTD., et al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    a. [✓] Motor Vehicle
    b. [✓] General Negligence
    c. [ ] Intentional Tort
    d. [ ] Products Liability
    e. [ ] Premises Liability
    f. [ ] Other *(specify):*

11. Plaintiff has suffered
    a. [ ] wage loss
    b. [ ] loss of use of property
    c. [✓] hospital and medical expenses
    d. [✓] general damage
    e. [ ] property damage
    f. [ ] loss of earning capacity
    g. [✓] other damage *(specify):*

    Great emotional distress seeing injury to close family member in close proximity.

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. [ ] listed in Attachment 12.
    b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) [✓] compensatory damages
    (2) [ ] punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
    (1) [✓] according to proof
    (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: September 25, 2007

LOUIS S. FRANECKE
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(2)

SHORT TITLE:
PATEL, et al. v. CATHAY PACIFIC AIRWAYS, LTD., et al.

CASE NUMBER:

FIRST (number) **CAUSE OF ACTION—General Negligence** Page 4

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: ANEESH PATEL, through his Guardian KAMAL PATEL; VANDANA SHAH

alleges that defendant *(name)*: CATHAY PACIFIC AIRWAYS, LTD.

☑ Does 1 to 50

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: July 6, 2007

at *(place)*: International Flight #CX 872, Hong Kong to San Francisco, California, U.S.A.

*(description of reasons for liability)*:

Defendants, and each of them, a common carrier for hire and their agents and employees, were careless and negligent in this international carriage of plaintiffs, paying passengers, on an international flight such that as a legal cause thereby an accident occurred within the definitions established by the Warsaw Convention of Treaties and Agreements and subsequent treaties and agreements, and for such actions by defendants, and each of them, constituted wilful and reckless misconduct, all of which legally or proximately caused injury directly to plaintiff Aneesh Patel in close proximity to his mother, Vandana Shah. As a direct legal and proximate cause of the actions of defendants, and each of them, scalding hot water was caused to be served to and be spilled on plaintiff Aneesh Patel, in the presence of his mother, Vandana Shah, causing great pain, suffering, scarring, blistering, discoloration, and disfigurement to plaintiff's legs, genital area, and stomach area, and causing great mental and emotional distress and damage at the time and continuing to the present and into the future.

Plaintiff Vandana Shah, by being in close proximity and directly witnessing the aforementioned injuries to her son by the actions of defendants, and each of them, suffered great emotional and mental stress, pain, distress, anxiety and fear for her son's well being and life.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

000005

PLD-PI-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PATEL, et al. v. CATHAY PACIFIC AIRWAYS, LTD., et al. | |

SECOND (number) **CAUSE OF ACTION—Motor Vehicle**

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: ANEESH PATEL, a minor, through his Guardian KAMAL PATEL; VANDANA SHAH

MV- 1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries and damages to plaintiff; the acts occurred
on *(date)*: July 6, 2007
at *(place)*:
International Flight CX 872, Hong Kong to San Francisco, California.

MV- 2. DEFENDANTS

a. [ ] The defendants who operated a motor vehicle are *(names)*:
Cathay Pacific Airways, Ltd.

[✓] Does 1 to 50

b. [✓] The defendants who employed the persons who operated a motor vehicle in the course of their employment are *(names)*:
Cathay Pacific Airways, Ltd.

[✓] Does 1 to 50

c. [✓] The defendants who owned the motor vehicle which was operated with their permission are *(names)*:
Cathay Pacific Airways, Ltd.

[✓] Does 1 to 50

d. [✓] The defendants who entrusted the motor vehicle are *(names)*:
Cathay Pacific Airways, Ltd.

[✓] Does 1 to 50

e. [✓] The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names)*:
Cathay Pacific Airways, Ltd.

[✓] Does 1 to 50

f. [✓] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
[ ] listed in Attachment MV-2f [✓] as follows:
Warsaw Convention Treaties, 49 Stat. 3000 (1934) et seq.; 49 U.S.C. Section 40105 and as revised and adopted thereafter.

[✓] Does 1 to 50

Page 5

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Motor Vehicle**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

000006

# PROOF OF SERVICE

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 850, Los Angeles, California 90067-6010. On November 29, 2007, I served the within document:

**CATHAY PACIFIC AIRWAYS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

☐ **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below

☒ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☐ **(By Personal Service):** I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

☐ **(By Overnight Courier):** I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

Louis Franecke, Esq.
Franecke Law Group
1115 Irwin Street, Suite 100
San Rafael, California 94901

**(Federal):** I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 29, 2007, at Los Angeles, California.

Elisabeth Sillars
Elisabeth Sillars

Rod D. Margo (State Bar No.: 97706)
rmargo@condonlaw.com
Julia K. Doyle (State Bar No.: 245020)
jdoyle@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LIMITED

UNITED STATES DISTICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANEESH PATEL, a minor, by and through his Guardian Ad Litem, KAMAL PATEL; VANDANA SHAH,

Plaintiffs,

vs.

CATHAY PACIFIC AIRWAYS, LTD.; and Does 1 to 50,

Defendants.

Case No. CV-07-6052 MEJ

**ANSWER AND AFFIRMATIVE DEFENSES OF CATHAY PACIFIC AIRWAYS LIMITED TO PLAINTIFFS' COMPLAINT**

Defendant Cathay Pacific Airways Limited ("Cathay Pacific"), through its attorneys of record, answers the complaint of plaintiffs Vandana Shah and Aneesh Patel, a minor, represented by and through his Guardian Ad Litem, Kamal Patel (collectively, "Plaintiffs") as follows:

AS TO THE GENERAL ALLEGATIONS

1. Cathay Pacific denies the allegations in paragraphs 1 and 2 of the complaint, except Cathay Pacific admits that the complaint Plaintiffs served on Cathay Pacific consists of five pages.

2. Cathay Pacific is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the complaint and, on this basis, denies said allegations.

3. Cathay Pacific denies the allegations in paragraphs 5 and 6 of the complaint, except that Cathay Pacific admits that it is a corporation organized and existing under the laws of Hong Kong with its principal place of business located in Hong Kong.

4. Cathay Pacific denies the allegations in paragraph 8 of the complaint, except Cathay Pacific admits that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over this civil action as it arises under a treaty of the United States, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003), reprinted in S. Treaty Doc. No. 106–45, 1999 WL 33292734 (commonly and hereinafter "Montreal Convention"), or, alternatively, its predecessor, the Convention for Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000 (1934), T.S. No. 876, 137 L.N.T.S. 11, reprinted in 49 U.S.C. § 40105 (note) (1997), as amended by the Protocol done at the Hague on September 28, 1955, reprinted in S. Exec. Rep. No. 105–20, pp. 21–32 (1998) (commonly and hereinafter "Warsaw Convention").

5. Cathay Pacific denies the allegations in paragraphs 10, 11, and 14 of the complaint.

## AS TO THE FIRST CAUSE OF ACTION

(General Negligence)

6. Answering paragraph GN-1 of the complaint, Cathay Pacific repeats, reiterates and re-alleges each and every answer in paragraphs 1 through 5, inclusive, of this answer with the same force and effect as if set forth herein in full.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

7. Cathay Pacific denies the allegations in paragraph GN-1 of the complaint, except Cathay Pacific admits that on or about July 6, 2007, Cathay Pacific operated flight CX872 from Hong Kong to San Francisco, California.

AS TO THE SECOND CAUSE OF ACTION

(Motor Vehicle)

8. Answering paragraphs MV-1 and MV-2 of the complaint, Cathay Pacific repeats, reiterates and re-alleges each and every answer in paragraphs 1 through 7, inclusive, of this answer with the same force and effect as if set forth herein in full.

9. Cathay Pacific denies the allegations in paragraphs MV-1 and MV-2 of the complaint, except Cathay Pacific admits that on or about July 6, 2007, Cathay Pacific operated flight CX872 from Hong Kong to San Francisco, California.

FIRST AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

10. Plaintiffs' claims in this action are exclusively governed by the Montreal Convention, or alternatively, by its predecessor, the Warsaw Convention.

SECOND AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

11. Cathay Pacific is not liable to Plaintiffs because the alleged damages complained of were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention, or, alternatively, Article 17 of the Warsaw Convention.

//

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

THIRD AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

12. The liability of Cathay Pacific, if any, is limited by Article 21 of the Montreal Convention, because Plaintiffs' damages, if any, were not due to the negligence or other wrongful acts or omissions of Cathay Pacific or its servants or agents.

FOURTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

13. The liability of Cathay Pacific, if any, is limited by Article 21 of the Montreal Convention, because Plaintiffs' damages, if any, were solely due to the negligence or other wrongful act or omission of a third party.

FIFTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

14. The liability of Cathay Pacific, if any, is limited by Article 20 of the Warsaw Convention, because Cathay Pacific, its servants and agents have taken all necessary measures to avoid the damages alleged by Plaintiffs, or it was impossible for them to take such measures.

SIXTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

15. The liability of Cathay Pacific, if any, with respect to Plaintiffs' alleged damages is limited or excluded in accordance with the terms and conditions of the Montreal Convention, or, alternatively, the Warsaw Convention, Cathay Pacific's conditions of carriage, Cathay Pacific's conditions of contract, Cathay Pacific's tariffs on file with the Department of Transportation, and/or the

limits of liability provided for under the laws of Hong Kong and/or China.

SEVENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

16. Venue is improper in California and elsewhere in the United States under the doctrine of *forum non conveniens*.

EIGHTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

17. Plaintiffs' complaint is barred because Plaintiffs lack the standing and/or capacity to bring this action.

NINTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

18. Plaintiffs' complaint is barred because it fails to state facts sufficient to state a claim for relief against Cathay Pacific.

TENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

19. Any injuries, damages, or loss sustained by Plaintiffs, if such occurred, were proximately caused and contributed to by their own negligence in that they did not exercise ordinary care on their own behalf and acted recklessly or carelessly at the times and places set forth in the complaint. Accordingly, Plaintiffs' recovery, if any, should be reduced by the amount of negligence attributable to the conduct of Plaintiffs.

//

//

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

ELEVENTH AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

20. The incident alleged in the complaint, and the damages Plaintiffs allege they sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than Cathay Pacific; however, in the event that a finding is made that negligence exists on the part of Cathay Pacific, which proximately contributed to Plaintiffs' damages alleged in the complaint, Cathay Pacific's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and damages upon which Plaintiffs seek recovery.

TWELFTH AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

21. Plaintiffs' damages, if any, are due to the acts or omissions of persons or entities other than Cathay Pacific; however, in the event a finding is made that liability exists on the part of Cathay Pacific, Cathay Pacific is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

THIRTEENTH AFFIRMATIVE DEFENSE

TO EACH AND EVERY CAUSE OF ACTION

22. The injuries and damages allegedly suffered by Plaintiffs were caused by intervening and superceding causes, and were not caused by Cathay Pacific.

//

//

//

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

FOURTEENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

23. Plaintiffs failed to exercise reasonable care and diligence to mitigate their alleged damages, if any, and on this ground their claims must be limited or excluded under the applicable law, including, but not limited to, the Montreal Convention, or, alternatively, the Warsaw Convention.

FIFTEENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

24. The incident and damages alleged in the complaint, if occasioned by fault, are attributable to the conduct of third persons or entities over whom Cathay Pacific had no control at any time relevant hereto.

SIXTEENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

25. Plaintiffs' claims are expressly preempted by 49 U.S.C. § 41713 to the extent that they relate to rates, routes and/or services.

SEVENTEENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

26. Plaintiffs' complaint is barred by the applicable statutes of limitation.

EIGHTEENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

27. Plaintiffs' damages are barred because Plaintiffs knowingly, voluntarily and freely assumed the risk of all activities alleged in Plaintiffs' complaint.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

NINETEENTH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

28. The incident alleged in the complaint, and the injuries and damages Plaintiffs allege they sustained, were not proximately caused by any act or omission on the part of Cathay Pacific.

TWENTIETH AFFIRMATIVE DEFENSE
TO EACH AND EVERY CAUSE OF ACTION

29. Cathay Pacific's liability to Plaintiffs, if any, is limited or excluded pursuant to Article 20 of the Montreal Convention, or, alternatively, Article 21 of the Warsaw Convention, because Plaintiffs' alleged injuries and damages were caused or contributed to by Plaintiffs' own negligent or other wrongful acts or omissions.

//
//
//
//
//
//
//
//
//
//
//
//
//

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-8-

ANSWER AND AFFIRMATIVE DEFENSES OF CATHAY PACIFIC AIRWAYS LIMITED TO PLAINTIFFS' COMPLAINT
CASE NO. CV07-6052 MEJ

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

RULE 44.1 NOTICE

30. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Cathay Pacific hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, including any applicable limitation of damages which may be contained therein.

WHEREFORE, Cathay Pacific prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their complaint;

2. That Cathay Pacific be awarded costs of suit incurred herein, including reasonable attorneys' fees; and

3. For such other and further relief as the court deems just and proper.

Dated: December 4, 2007

CONDON & FORSYTH LLP

By: [signature]
ROD D. MARGO
JULIA K. DOYLE
Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LIMITED

# PROOF OF SERVICE

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 850, Los Angeles, California 90067-6010. On December 4, 2007, I served the within document:

**ANSWER AND AFFIRMATIVE DEFENSES OF CATHAY PACIFIC AIRWAYS LIMITED TO PLAINTIFFS' COMPLAINT**

☐ **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below

☒ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☐ **(By Personal Service):** I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

☐ **(By Overnight Courier):** I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

Louis Franecke, Esq.
Franecke Law Group
1115 Irwin Street, Suite 100
San Rafael, California 94901

**(Federal):** I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 4, 2007, at Los Angeles, California.

elisabeth sillars
Elisabeth Sillars