UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANEESH PATEL,

Plaintiff (s),

v.

CATHAY PACIFIC AIRWAYS,
Defendant(s).

No. C 07-06052 MEJ

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**
E-filing

IT IS HEREBY ORDERED that this action is assigned to the Honorable Maria-Elena James. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 11/30/2007 | Complaint filed | |
| 2/14/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 2/28/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R. 16-9 |
| 3/6/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm. B, 15th Floor, SF at 10:00 AM | Civil L.R. 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF ASSIGNMENT OF CASE
# TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

## MARIA-ELENA JAMES

Pursuant to Title 28 U.S.C § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

MARY ANN BUCKLEY

MagAssnNtc 2-03.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE

v.

Defendant(s).

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

_____
Signature

Counsel for
(Plaintiff, Defendant or indicate "pro se")

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For the Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

v.

**DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

Defendant(s).

/

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: _____

Signature _____

Counsel for _____
(Plaintiff, Defendant, or indicate "pro se")

# Case Management Standing Order
## Magistrate Judge Maria-Elena James

San Francisco, Courtroom B, 15th Floor
Brenda Tolbert, Courtroom Deputy (415) 522-4708

1.  Civil Law & Motion is heard on Thursdays at 10:00 a.m. Counsel need not reserve a
    hearing date for civil matters, but should confirm Judge James' availability in the legal
    newspapers and on the district court web site, www.cand.uscourts.gov. Motions are
    governed by the Civil Local Rules and the Federal Rules of Civil Procedure. Motions for
    summary judgment shall be accompanied by a joint statement of undisputed facts in
    compliance with Civil L. R. 56-2(b).

2.  Criminal motions are scheduled with the courtroom deputy for any Thursday at 10:00
    a.m. when the judge is available, or during the regular criminal calendar while Judge
    James is on criminal duty. Motions are governed by the Federal Rules of Criminal
    Procedure and the Criminal Local Rules.

3.  Discovery disputes are governed by Judge James' discovery standing order, enclosed
    herewith and available on the Court's website.

4.  Counsel shall meet and confer prior to the Case Management Conference and file a Joint
    Case Management Conference Statement no later than seven days prior to the c.m.c. The
    statement shall address the information contained in the Joint Case Management
    Statement and [proposed] Case Management Order form, enclosed herewith and
    available on the Court's website.

5.  At least seven days prior to the c.m.c., each party shall file the magistrate jurisdiction
    consent/declination form, enclosed herewith and available on the Court's website. In the
    event that any defendant(s) files a motion to dismiss, defendant(s) shall file the
    consent/request form at the time the motion is filed and plaintiff(s) shall file the
    consent/declination form fourteen days thereafter, at the time the opposition is due.

6.  In all "E-Filing" cases, in addition to filing papers electronically, the parties shall lodge
    with chambers a printed copy of the papers by noon of the next court day following the
    day the papers are filed electronically. These printed copies shall be marked "Chambers
    Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked
    "Magistrate Judge Maria-Elena James" and include the case number. Parties shall not
    file a paper copy of any document with the Clerk's Office that has already been filed
    electronically.

Dated: May 31, 2006

Maria-Elena James
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## STANDING ORDER RE: DISCOVERY AND DISPUTE PROCEDURES FOR CASES ASSIGNED OR REFERRED TO MAG. JUDGE MARIA-ELENA JAMES

This standing order informs a *pro se* party and/or counsel of the specific procedures for all cases, except those categories of cases listed in Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(E), assigned to Magistrate Judge Maria-Elena James for trial or referred for purposes of discovery. All parties and counsel are required to follow these procedures.

1.      Parties shall propound disclosures and discovery in accordance with FRCP 26 and 30-36, and Civil Local Rules 26, 30, 33, 34 and 36. A copy of the Civil Local Rules for the Northern District of California is available at the Clerk's Office or for public viewing at the Court's internet site - http://www.cand.uscourts.gov. All requests for protective orders must comply with Civil Local Rule 79-5. Pursuant to FRCP 30(a)(2), no more than ten depositions may be taken except by order of the Court. Pursuant to FRCP 33(a) and Civil Local Rule 33-3, no more than 25 interrogatories shall be propounded except pursuant to stipulation or order of the Court.

2.      The parties shall meet and confer regarding their initial disclosures pursuant to FRCP 26(f) and shall make disclosures pursuant to FRCP 26(a)(1)(E). The parties shall supplement their initial disclosures when required under FRCP 26(e)(1).

3.      The Court will not consider a formal motion to compel under Civil Local Rule 7. Instead, counsel must meet and confer **in person** for the purpose of resolving all disclosure and/or discovery disputes. Thereafter, if any disputes remain, counsel shall draft and file a jointly signed letter which (1) attests that prior to filing the joint letter the parties met and conferred **in person** for purposes of resolving the dispute; (2) sets forth the unresolved dispute and any pertinent factual background; and (3) states each party's position as supported by appropriate legal authority. The joint letter shall be signed by both parties, shall be limited to

1

1   five pages and may not be accompanied by exhibits or affidavits other than exact copies of
2   disputed interrogatories, requests for production of documents and/or responses, privilege logs,
3   and relevant deposition testimony. The parties need not state all disputes in one letter; rather, it
4   is preferable that the parties file a separate letter for each dispute.

5   4.      In the event that counsel is unable to meet and confer with a party or opposing counsel
6   as directed above, counsel shall file a written request for a telephonic conference for the
7   purpose of enforcing the Court's requirement to meet and confer, or for the Court to fashion an
8   alternative procedure which satisfies the meet and confer requirement. Counsel's written
9   request shall state (1) three agreed upon prospective times and dates for the telephonic
10  discovery conference to take place, (2) the anticipated length of the conference, and (3) the
11  phone numbers at which counsel shall be contacted on the day of the conference. A copy of the
12  written request shall be served on opposing counsel and verification of said service shall be
13  filed with the request. Additionally, counsel shall file a declaration which states any attempt to
14  meet and confer and the reasons for the inability to comply with this standing order. Counsel
15  may attach exhibits to support the declaration, but the declaration and exhibits combined may
16  not exceed seven pages. The Court will not excuse a party from the requisite in-person meeting
17  unless good cause is shown.

18  5.      In the event that the parties are participating in a deposition or a site inspection and a
19  discovery dispute arises regarding the deposition and/or site inspection, the parties may contact
20  Judge James' Courtroom Deputy, Brenda Tolbert, at 415-522-4708, to inquire whether Judge
21  James is available to resolve the parties' impending dispute telephonically. In the event that
22  Judge James is unavailable or the parties are unable to contact Judge James' courtroom deputy
23  for any reason, the parties shall proceed follow the procedures for requesting a telephonic
24  conference as set forth in paragraph 4 above. The deposition or site inspection shall
25  nevertheless proceed with objections noted for the record.

26  6.      In the event that a matter is to be taken off calender, or continued to a further date, a
27
28                                            2

written stipulation signed by the parties shall be filed with the Court for approval.

7.     Other than scheduling matters, pursuant to Civil L. R. 11-4(c), a party shall not contact the Court *ex parte* without prior notice to the opposing party. Further, all communications or questions to the Court shall be presented to the Court in writing and shall be properly filed. Parties must certify to the Court that all parties were served a copy of the written communication. Unless expressly requested by the Court, documents should not be faxed to chambers but should be filed or lodged in accordance with the Local Rules of Court.

8.     Parties shall not mail or fax to the Court copies of correspondence from a party regarding any dispute pending before the Court.

9.     Motions for sanctions shall be filed separately, pursuant to FRCP 37, and Civil Local Rules 7 and 37-3. Any party seeking an award of attorney's fees or other expenses in connection with a motion shall file a declaration with the opposition or reply memorandum which itemizes with particularity the fees and expenses claimed.

10.     In all "E-Filing" cases, in addition to filing papers electronically, the parties shall lodge with chambers a printed copy of the papers by noon of the next court day after filing. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked "Magistrate Judge Maria-Elena James" and include the case number. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

The failure of a party to abide by Judge James' Discovery and Disclosure Dispute Procedures may result in sanctions, pursuant to FRCP 16(f) and Civil Local Rule 37-3.

**IT IS SO ORDERED.**

Dated: May 31, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

3

## NOTICE OF TRIAL ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE AND ORDER TO FILE CONSENT/REQUEST FOR REASSIGNMENT FORM

This civil case was randomly assigned to United States Magistrate Judge Maria-Elena James for all purposes including trial. In accordance with Title 28, U.S.C. § 636(c), the Magistrate Judges of this District Court are designated to conduct any and all proceedings in a civil case, including a jury or non-jury trial, and to order the entry of final judgment, upon the consent of the parties. An appeal from a judgment entered by Magistrate Judge James may be taken directly to the United States Court of Appeals for the Ninth Circuit in the same manner as an appeal from any other judgment of a district court.

You have the right to have your case assigned to a United States District Judge for trial and disposition. Attached is the form which allows you to either consent to, or decline Judge James' jurisdiction and request reassignment to a District Judge.

Each party shall sign and file the consent/declination form, either consenting to Judge James' jurisdiction, or requesting reassignment to a District Judge, no later than the filing deadline for the joint case management statement assigned by the initial case management schedule.

**IT IS SO ORDERED.**

Date:   May 31, 2006

Maria-Elena James
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C        MEJ

Plaintiff(s),

**CONSENT TO ASSIGNMENT OR
REQUEST FOR REASSIGNMENT**

vs.

Defendant(s).
_____/

12  **CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

13      In accordance with the provisions of 18 U.S.C. § 636(c), the undersigned party hereby

14  consents to have a United States Magistrate Judge conduct any and all further proceedings in this

15  case, including trial, and order the entry of final judgment, and voluntarily waives the right to

16  proceed before a United States District Judge.

17

18  Dated:_____       Signed by: _____

19

20                                Counsel for:_____

21  **REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

22      The undersigned party hereby declines to consent to the assignment of this case to a United

23  States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

24  a United States District Judge.

25

26  Dated: _____       Signed by: _____

27                                Counsel for: _____

28

STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF
CALIFORNIA

CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the
identical information in Joint Case Management Statements filed pursuant to Civil Local Rule
16-9. The parties must include the following information in their statement which, except in
unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over
plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal
jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be
served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual
issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points
of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to
be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably
evident in this action, including interdiction of any document-destruction program and any
ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure
requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any
proposed limitations or modifications of the discovery rules, and a proposed discovery plan
pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this
court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

-1

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.



# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you must (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

## Submitting Initiating Documents

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to:
**http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

## Converting Documents to PDF

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site:
**http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
# OFFICE HOURS:  9:00 A.M. TO 4:00 P.M.
# 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy. For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.  Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned. We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.  This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use. Related cases require an extra copy for **each** related action designated.

3.  The copy retained goes directly to the assigned Judge. Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.  In order to facilitate the file stamping process, each original document should be submitted on top of its copies. In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.  The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number. Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.  The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7.  The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

8.  Documents are to be stapled or acco-fastened at the top. Backings, bindings and covers are not required. Two holes punched at the top of the original document will facilitate processing.

9.  Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.   Proofs of service should be attached to the back of documents. If submitted
      separately, you must attach a pleading page to the front of the document showing
      case number and case caption.

11.   There are no filing fees once a case has been opened.

12.   New cases must be accompanied by a completed and signed Civil Cover Sheet, the
      filing fee or fee waiver request form and an original plus **two** copies of the
      complaint and any other documents. For Intellectual Property cases, please
      provide an original plus **three** copies of the complaint. Please present new cases
      for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.   Copies of forms may be obtained at no charge. They may be picked up in person
      from the Clerk's Office forms cabinet or with a written request accompanied by an
      appropriate sized, stamped, self-addressed envelope for return. In addition, copies
      of the Local Rules may be obtained, free of charge, in the Clerk's Office or by
      sending a written request, along with a self-addressed, 10" x 14" return envelope,
      stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate
      Avenue, 16th Floor, San Francisco, CA 94102.

14.   Two computer terminals which allow public access to case dockets and one
      terminal with information regarding files at the Federal Records Center (FRC) are
      located in the reception area of the Clerk's Office. Written instructions are posted
      by the terminals. Outside of the Clerk's Office, electronic access to dockets is
      available through PACER. To obtain information or to register call 1-800-676-
      6851.

15.   A file viewing room is located adjacent to the reception area. Files may be viewed
      in this area after signing the log sheet and presenting identification. Files are to be
      returned by **1:00 pm** Under no circumstances are files to be removed from the
      viewing room.

16.   The Clerk's Office can only accept payment by **exact change or check** made
      payable to Clerk, U.S. District Court. No change can be made for fees or the
      public copy machine.

17.   Two pay copy machines are located in the file viewing room for public use, at
      fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the
      first floor. Orders for copywork may be placed through Eddie's Document
      Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a
      personal copier by calling the Clerk's Office in advance.

18.   We have a drop box for filing when the Clerk's Office is closed. Please see
      attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### DROP BOX FILING PROCEDURES

1.      The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.      The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.      Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page.** Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.      After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.      If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope "**FOR MESSENGER PICK UP BY: (NAME, FIRM)** ." Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.      A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7.      Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.



# Dispute Resolution Procedures

in the
Northern District
of California

# United States District Court



Printed on recycled paper



# Table of Contents

Why does the court offer ADR?...................................................................................................2
A Message from the Judges of the U.S. District Court

How can ADR help in my case?...................................................................................................4

Which ADR processes does the court offer?.................................................................................6
Arbitration...................................................................................................................................6
Early Neutral Evaluation..............................................................................................................9
Mediation....................................................................................................................................12
Settlement Conferences...............................................................................................................14
Other ADR Processes..................................................................................................................16

Which is the most suitable ADR process for my case?.................................................................17
Chart..........................................................................................................................................18

What else do I need to know? ....................................................................................................20
Questions and Answers regarding:
        The ADR Multi-Option Program
        Procedures and timing for referring cases to ADR
        Concerns about ADR

Where can I get more information?..............................................................................................24



# Why Does the court offer ADR?

A Message from the Judges of the U.S. District Court

It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly and efficiently as possible. The cases filed in our court present a wide range of issues and circumstances. No single process can be expected to meet the needs of all of these cases.

While traditional litigation can serve parties' interests well in some situations, many cases have needs that can be better met through other procedures. We offer a wide selection of non-binding alternative dispute resolution (ADR) options—each of which provides different kinds of services—so that parties can use the procedure that best fits the particular circumstances of their case.

As discussed in the following pages, ADR processes can offer numerous advantages over both formal litigation and direct negotiations between the parties. In contrast to formal litigation and direct negotiations, ADR procedures may lead to resolutions that are:

- faster
- less expensive
- more creative
- better tailored to all parties' underlying interests

We urge you to consider using an ADR process in any civil case, at any time. The court's professional ADR staff, which includes attorneys with expertise in ADR procedures, is available to help you select a suitable option or to customize an ADR procedure to meet your needs. Our ADR processes, which are governed by the court's ADR Local Rules, are available in every civil case.

This handbook informs you about:

- the benefits of ADR
- available ADR options
- selecting an appropriate ADR process
- procedures in ADR programs

2

To help ensure that you make informed choices, the court requires, under Civil Local Rule 16, that every attorney and client certify that they have read this handbook and considered the ADR options. Reading this handbook is not a substitute for understanding the ADR Local Rules. Be sure to consult the rules when selecting and participating in an ADR process.

We have committed substantial resources to our ADR programs because we are confident that litigants who use them conscientiously can save significant money and time and will often obtain more satisfying results.

Vaughn R. Walker
Chief Judge
For all the Judges of the Court

3

 How can ADR help in my case?

Most cases can benefit in some way from ADR. The various ADR processes offer different types of benefits. Each ADR process offers at least some of the following advantages over traditional litigation or direct settlement negotiations.

## Produce more satisfying results

After litigating a case through trial, even the winners may feel they have lost. The costs and time commitment on both sides may be enormous. Sometimes neither side is satisfied with the result—and any relationship that may have existed between the parties is likely to have been severely strained. On the other hand, ADR may:

- help settle all or part of the dispute much sooner than trial
- permit a mutually acceptable solution that a court would not have the power to order
- save time and money
- preserve ongoing business or personal relationships
- increase satisfaction and thus result in a greater likelihood of a lasting resolution

## Allow more flexibility, control and participation

In formal litigation, the court is limited in the procedures it must follow and the remedies it may award—and submitting a case to a judge or jury can be extremely risky. ADR processes are more flexible and permit parties to participate more fully and in a wider range of ways. They afford parties more control by providing opportunities to:

- tailor the procedures used to seek a resolution
- broaden the interests taken into consideration
- fashion a business-driven or other creative solution that may not be available from the court
- protect confidentiality
- eliminate the risks of litigation

## Enable a better understanding of the case

In traditional litigation, sometimes the parties stop communicating directly—and it is only after a significant amount of time and expensive discovery or motions that the parties understand what is really in dispute. ADR can expedite the parties' access to information. It can also improve the quality of justice by helping the parties obtain a better understanding of their case early on. It may:

4



- ► provide an opportunity for clients to communicate their views directly and informally
- ► help parties get to the core of the case and identify the disputed issues
- ► enhance the parties' understanding of the relevant law and the strengths and weaknesses of their positions
- ► help parties agree to exchange key information directly

## Improve case management

Attorneys in litigation sometimes find it difficult, early in the case, to devise a cost-effective case management plan, reach stipulations or narrow the dispute. An ADR neutral can help parties:

- ► streamline discovery and motions
- ► narrow the issues in dispute and identify areas of agreement and disagreement
- ► reach factual and legal stipulations

## Reduce hostility

Due to its adversarial nature, litigation sometimes increases the level of hostility between sides, which can make communication more difficult and impede chances for settlement. In contrast, a trained ADR neutral can:

- ► improve the quality and tone of communication between parties
- ► decrease hostility between clients and between lawyers
- ► reduce the risk that parties will give up on settlement efforts

## WHEN ADR MAY NOT BE USEFUL

Although most cases can benefit in some way from ADR, some cases might be better handled without ADR. These include suits in which:

- ► a party seeks to establish precedent
- ► a dispositive motion requiring little preparation will probably succeed
- ► a party needs the protections of formal litigation
- ► a party prefers that a judge preside over all processes

If your dispute might benefit from one or more of the listed advantages, you should seriously consider trying ADR and give careful thought to selecting the most appropriate process for your case.

# Which ADR processes does the court offer?

## The court sponsors four major ADR processes:

- ► **Arbitration** (non-binding, or binding if all parties agree)

- ► **Early Neutral Evaluation**

- ► **Mediation**

- ► **Settlement Conferences** conducted by magistrate judges or district judges

Each of these programs is described separately in the next few pages. Please consult the ADR Local Rules for more information. The court's ADR staff will help parties customize an ADR process to meet their needs.

The court also makes available other dispute resolution processes and encourages parties to consider retaining the services of private sector ADR providers as discussed on page 16 and in ADR Local Rule 8-2.

## Arbitration

### Goal

The goal of court-sponsored arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The award (a proposed judgment) in a non-binding arbitration may either:

- ► become the judgment in the case if all parties accept it, or
- ► serve as a starting point for settlement discussions

### Process

At the election of the parties, either one arbitrator or a panel of three arbitrators presides at a hearing where the parties present evidence through documents, other exhibits and testimony. The application of the rules of evidence is relaxed somewhat in order to save time and money.

The process includes important, trial-like sources of discipline and creates good opportunities to assess the impact and credibility of key witnesses:

- ► parties may use subpoenas to compel witnesses to attend or present documents
- ► witnesses testify under oath, through direct and cross-examination

6

> the proceedings can be transcribed and testimony could, in some circumstances, be used later at trial for impeachment

Arbitrators apply the law to the facts of the case and issue a non-binding award on the merits. Arbitrators do not "split the difference" and do not conduct mediations or settlement negotiations.

## Preservation of right to trial

Either party may reject the non-binding award and request a trial *de novo* before the assigned judge, who will not know the content of the arbitration award. If no such demand is filed within the prescribed time, the award becomes the final judgment of the court and is not subject to appellate review. There is no penalty for demanding a trial *de novo* or for failing to obtain a judgment at trial that is more favorable than the arbitration award. Rejecting an arbitration award will not delay the trial date.

Parties may stipulate in advance to waive their right to seek a trial *de novo* and thereby commit themselves to be bound by the arbitration award.

## The neutral(s)

The court's ADR staff appoints an arbitrator (or, at the parties' option, a panel of three arbitrators) with expertise in the substantive legal area of the lawsuit, who is available and has no apparent conflict of interest. The parties may object to the arbitrator if they perceive a conflict of interest.

All arbitrators on the court's panel have the following qualifications:

> admission to the practice of law for at least ten years
> for at least five years, spent a minimum of 50 percent of professional time litigating or had substantial experience as an ADR neutral
> training by the court

## Attendance

Insurers of parties are strongly encouraged to attend the arbitration. The following individuals are required to attend:

> clients with knowledge of the facts
> the lead trial attorney for each party
> any witnesses compelled by subpoena

## Confidentiality

The arbitration award is not admissible at a subsequent trial *de novo*, unless the parties stipulate otherwise. The award itself is sealed upon filing and may not be disclosed to the assigned judge until the court has entered final judgment in the action or the action is otherwise

7

terminated. Recorded communications made during the arbitration may, for limited purposes, be admissible at a trial *de novo*. See 28 U.S.C. § 657(c)(3).

## Timing
An arbitration may be requested at any time. The hearing is generally held within 90 days after referral to arbitration. The hearing date is set by the arbitrator(s) after consultation with the parties.

## Written submissions
The parties exchange and submit written statements to the arbitrator(s) at least 10 days before the arbitration. The statements are not filed with the court

## Appropriate cases/circumstances
All civil cases are eligible. Cases that do not meet the criteria for permissive referral to arbitration as set forth in 28 U.S.C. § 654 may not be referred to arbitration unless all parties consent in writing. Cases with the following characteristics may be particularly appropriate for arbitration:

- only monetary (and not injunctive) relief is sought
- the complaint alleges personal injury, property damage or breach of contract
- the amount in controversy is less than $150,000
- the case turns on credibility of witnesses
- the case does not present complex or unusual legal issues

## Cost
There is no charge to the litigants.

## Governing rule
ADR Local Rule 4.

8

## Early Neutral Evaluation

### Goal

The goals of Early Neutral Evaluation (ENE) are to:

- ► enhance direct communication between the parties about their claims and supporting evidence
- ► provide an assessment of the merits of the case by a neutral expert
- ► provide a "reality check" for clients and lawyers
- ► identify and clarify the central issues in dispute
- ► assist with discovery and motion planning or with an informal exchange of key information
- ► facilitate settlement discussions, when requested by the parties

ENE aims to position the case for early resolution by settlement, dispositive motion or trial. It may serve as a cost-effective substitute for formal discovery and pretrial motions. Although settlement is not the major goal of ENE, the process can lead to settlement.

### Process

The evaluator, an experienced attorney with expertise in the subject matter of the case, hosts an informal meeting of clients and counsel at which the following occurs:

- ► each side—through counsel, clients or witnesses  presents the evidence and arguments supporting its case (without regard to the rules of evidence and without direct or cross-examination of witnesses)
- ► the evaluator identifies areas of agreement, clarifies and focuses the issues and encourages the parties to enter procedural and substantive stipulations
- ► the evaluator writes an evaluation in private that includes:
  - ► an estimate, where feasible, of the likelihood of liability and the dollar range of damages
  - ► an assessment of the relative strengths and weaknesses of each party's case
  - ► the reasoning that supports these assessments
- ► the evaluator offers to present the evaluation to the parties, who may then ask either to:
  - ► hear the evaluation (which must be presented if any party requests it), *or*
  - ► postpone hearing the evaluation to:
    - ► engage in settlement discussions facilitated by the evaluator, often in separate meetings with each side, *or*
    - ► conduct focused discovery or make additional disclosures

9

- if settlement discussions do not occur or do not resolve the case, the evaluator may:
  - help the parties devise a plan for sharing additional information and/or conducting the key discovery that will expeditiously equip them to enter meaningful settlement discussions or position the case for resolution by motion or trial
  - help the parties realistically assess litigation costs
  - determine whether some form of follow up to the session would contribute to case development or settlement

## Preservation of right to trial

The evaluator has no power to impose settlement and does not attempt to coerce a party to accept any proposed terms. The parties' formal discovery, disclosure and motion practice rights are fully preserved. The confidential evaluation is non-binding and is not shared with the trial judge. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track.

## The neutral

The court's ADR staff appoints an ENE evaluator with expertise in the substantive legal area of the lawsuit, who is available and has no apparent conflict of interest. The parties may object to the evaluator if they perceive a conflict of interest.

All evaluators on the court's panel have the following qualifications:

- admission to the practice of law for at least 15 years
- experience with civil litigation in federal court
- expertise in the substantive law of the case
- training by the court

Many evaluators also have received the court's mediation training.

## Attendance

The following individuals are required to attend in person:

- clients with settlement authority and knowledge of the facts
- the lead trial attorney for each party
- insurers of parties, if their agreement would be necessary to achieve settlement

Requests to permit attendance by phone rather than in person, which will be granted only under extraordinary circumstances, may be made to the ADR Magistrate Judge. Clients are strongly encouraged to participate actively in the ENE session.

## Confidentiality

Communications made in connection with an ENE session ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the litigation, unless otherwise agreed.

## Timing

An ENE session may be requested at any time. The time for holding the ENE session is presumptively within 90 days after the referral to ENE, unless otherwise fixed by the court. The evaluator contacts counsel to schedule an initial telephone conference to set the date, time and location of the ENE session and to discuss how to maximize the utility of ENE.

## Written submissions

Counsel exchange and submit written statements to the evaluator at least 10 days before the ENE session. ADR Local Rule 5-9 lists special requirements for intellectual property cases. The statements are not filed with the court.

## Appropriate cases/circumstances

All civil cases are eligible, if the court has an available evaluator with the appropriate subject matter expertise. Cases with the following characteristics may be particularly appropriate:

- counsel or the parties are far apart on their view of the law and/or value of the case
- the case involves technical or specialized subject matter-and it is important to have a neutral with expertise in that subject
- case planning assistance would be useful
- communication across party lines (about merits or procedure) could be improved
- equitable relief is sought-if parties, with the aid of a neutral expert, might agree on the terms of an injunction or consent decree

## Cost

The evaluator volunteers preparation time and the first four hours of the ENE session. After four hours of ENE, the evaluator may (1) continue to volunteer his or her time or (2) give the parties the option of concluding the procedure or paying the evaluator for additional time at an hourly rate of $200, to be split among the parties as they determine. The procedure continues only if all parties and the evaluator agree. After eight hours in one or more ENE sessions, if all parties agree, the evaluator may charge his or her hourly rate or such other rate that the parties agree to pay.

## Governing rule

ADR Local Rule 5.

11

## Mediation

### Goal

The goal of mediation is to reach a mutually satisfactory agreement resolving all or part of the dispute by carefully exploring not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities.

### Process

Mediation is a flexible, non-binding, confidential process in which a neutral lawyer-mediator facilitates settlement negotiations. The informal session typically begins with presentations of each side's view of the case, through counsel or clients. The mediator, who may meet with the parties in joint and separate sessions, works to:

- improve communication across party lines
- help parties clarify and communicate their interests and those of their opponent
- probe the strengths and weaknesses of each party's legal positions
- identify areas of agreement and help generate options for a mutually agreeable resolution

The mediator generally does not give an overall evaluation of the case. Mediation can extend beyond traditional settlement discussion to broaden the range of resolution options, often by exploring litigants' needs and interests that may be independent of the legal issues in controversy.

### Preservation of right to trial

The mediator has no power to impose settlement and does not attempt to coerce a party to accept any proposed term. The parties' discovery, disclosure and motion practice rights are fully preserved. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track.

### The neutral

The court's ADR staff appoints a mediator who is available and has no apparent conflicts of interest. The parties may object to the mediator if they perceive a conflict of interest. Most mediators on the court's panel are lawyers who have been admitted to practice for at least seven years. The panel also includes a few mediators who have other professional credentials. The court's ADR staff will appoint a non-lawyer mediator only after obtaining the parties' permission. All mediators on the court's panel have the following qualifications:

- experience in communication and negotiation techniques
- knowledge about civil litigation in federal court
- training by the court

12

## Attendance

The following individuals are required to attend the mediation session:

- ► clients with settlement authority and knowledge of the facts
- ► the lead trial attorney for each party
- ► insurers of parties, if their agreement would be necessary to achieve a settlement

Requests to permit attendance by phone rather than in person, which will be granted only under extraordinary circumstances, may be made to the ADR Magistrate Judge. Clients are strongly encouraged to participate actively in the mediation.

## Confidentiality

Communications made in connection with a mediation ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the session, unless otherwise agreed.

## Timing

A mediation may be requested at any time. The time for holding the mediation is presumptively within 90 days after the referral to mediation, unless otherwise fixed by the court. The mediator contacts counsel to schedule an initial telephone conference to set the date, time and location of the mediation session and to discuss how to maximize the utility of mediation.

## Written submission

Counsel exchange and submit written statements to the mediator at least 10 days before the mediation. The mediator may request or accept additional confidential statements that are not shared with the other side. These statements are not filed with the court.

## Appropriate cases/circumstances

All civil cases are eligible. Cases with the following characteristics may be particularly appropriate:

- ► the parties desire a business-driven or other creative solution
- ► the parties may benefit from a continuing business or personal relationship
- ► multiple parties are involved
- ► equitable relief is sought-if parties, with the aid of a neutral, might agree on the terms of an injunction or consent decree
- ► communication appears to be a major barrier to resolving or advancing the case

## Cost

The mediator volunteers preparation time and the first four hours of the mediation. After four hours of mediation, the mediator may either (1) continue to volunteer his or her time or (2) give the parties the option of concluding the procedure or paying the mediator for additional time at an hourly rate of $200, to be split among the parties as they determine. The mediation continues only if all parties and the mediator agree. After eight hours in one or more mediation

13

sessions, if all parties agree, the mediator may charge his or her hourly rate or such other rate that the parties agree to pay.

## Governing rule
ADR Local Rule 6.

## Settlement Conferences

### Goal
The goal of a settlement conference is to facilitate the parties' efforts to negotiate a settlement of all or part of the dispute.

### Process
A judicial officer, usually a magistrate judge, helps the parties negotiate. Some settlement judges also use mediation techniques to improve communication among the parties, probe barriers to settlement and assist in formulating resolutions. Settlement judges might articulate views about the merits of the case or the relative strengths and weaknesses of the parties' legal positions. Often settlement judges meet with one side at a time, and some settlement judges rely primarily on meetings with counsel.

### Preservation of right to trial
The settlement judge has no power to impose settlement and does not attempt to coerce a party to accept any proposed terms. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track. The parties' formal discovery, disclosure and motion practice rights are fully preserved.

### The neutral
A magistrate judge or, in limited circumstances, a district judge conducts the settlement conference. The judge who would preside at trial does not conduct the settlement conference unless the parties stipulate in writing and the judge agrees. Parties may request a specific magistrate judge or rank several magistrate judges in order or preference. The court will attempt to accommodate such preferences.

Magistrate judges have standing orders setting forth their requirements for settlement conferences, including written statements and attendance. Questions about these issues should be directed to the chambers of the assigned magistrate judge.

### Attendance
Settlement judges' standing orders generally require the personal attendance of lead counsel and the parties. This requirement is waived only when it poses a substantial hardship, in which case the absent party is required to be available by telephone. Persons who attend the settlement conference are required to be thoroughly familiar with the case and to have authority to negotiate a settlement.

14

**Confidentiality**

Communications made in connection with a settlement conference ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the litigation, unless otherwise agreed.

**Timing**

The assigned judge may refer a case to a magistrate judge for a settlement conference at any time. The timing of the settlement conference depends on the schedule of the assigned magistrate judge.

**Written submissions**

Written settlement conference statements, when required, are submitted directly to the settlement judge. The statements are not filed with the court.

**Appropriate cases/circumstances**

All civil cases are eligible. Cases with the following characteristics may be particularly appropriate:

- a client or attorney prefers to appear before a judicial officer
- issues of procedural law are especially important
- a party is not represented by counsel

**Cost**

There is no charge to the litigants.

**Governing rule**

ADR Local Rule 7.

## Other ADR Processes

**Customized ADR Processes**

The court's ADR staff will work with parties to customize an ADR process to meet the needs of their case or to design an ADR process for them. An ADR staff member is available for a telephone conference with all counsel to discuss ADR options. Clients are invited to join such conferences.

**Non-binding Summary Bench or Jury Trial**

The ADR staff can help parties structure a non-binding summary bench or jury trial under

ADR Local Rule 8-1(a). A summary bench or jury trial is a flexible, non-binding process designed to:

- promote settlement in complex, trial-ready cases headed for long trials
- provide an advisory verdict after an abbreviated presentation of evidence
- offer litigants a chance to ask questions and hear the reactions of the judge and/or jury
- trigger settlement negotiations based on the judge's or jury's non-binding verdict and reactions

## Special Masters

The assigned judge may appoint a special master, whose fee is paid by the parties, to serve a wide variety of functions, including:

- discovery manager
- fact-finder
- host of settlement negotiations
- post-judgment administrator or monitor

## Private ADR Providers

The court encourages parties to consider private sector ADR providers who offer services including arbitration, mediation, fact-finding, neutral evaluation and private judging. Private providers may be lawyers, law professors, retired judges or other professionals with expertise in dispute resolution techniques. They generally charge a fee.



# Which is the most suitable ADR process for my case?

Each ADR process meets different needs and circumstances. When selecting an ADR process, you should carefully consider the needs of your particular case or situation and identify the goals you hope to achieve through ADR. Then select the ADR process that appears to maximize the potential for achieving your goals.

The chart on the next page may help you select an ADR process. The chart summarizes the court's general observations about the major benefits of ADR and the extent to which the court's four major ADR processes are likely to accomplish them. These are generalizations that the court believes are accurate in many, but not all, cases. The likelihood that a particular ADR process will deliver a benefit depends not only on the type of process, but on numerous other factors including: the style of the neutral; the type and procedural posture of the case; and the parties' and counsel's attitudes and personalities, level of preparation, and experience with the particular ADR process. The court's ADR staff is available to help you select or customize an ADR process to meet your needs.

## What if I don't have a lawyer?

If you are not represented by a lawyer, the court suggests that you select the option of a magistrate judge settlement conference where your questions and concerns can be addressed directly by a judge who has experience working with unrepresented parties. Volunteer mediators, evaluators, and arbitrators, who take only a few cases each year, sometimes feel uncomfortable working with unrepresented parties, making it more difficult to place your case in these programs and potentially slowing down the process. If you select mediation, ENE or non-binding arbitration and we are unable to find a suitable neutral, your case will be redirected to a settlement conference with a magistrate judge.

17

# How likely is each ADR Process to deliver the specific benefit?

● = Very likely    ▶ = Somewhat likely    ○ = Unlikely

| | Arbitration | ENE | Mediation | SC |
|---|---|---|---|---|
| **ENHANCE PARTY SATISFACTION** | | | | |
| Help settle all or part of dispute | ○¹ | ▶² | ● | ●³ |
| Permit creative/business driven solution that court could not offer | ○ | ▶² | ● | ▶³ |
| Preserve personal or business relationships | ○¹ | ▶² | ● | ▶³ |
| Increase satisfaction and thus improve chance of lasting solution | ○¹ | ▶² | ● | ▶³ |
| **ALLOW FLEXIBILITY, CONTROL AND PARTICIPATION** | | | | |
| Broaden the interests taken into consideration | N/A | ▶² | ● | ▶³ |
| Protect confidentiality | ▶⁴ | ● | ● | ● |
| Provide trial-like hearing | ● | N/A | N/A | N/A |
| Provide opportunity to appear before judicial officer | N/A | N/A | N/A | ● |
| **IMPROVE CASE MANAGEMENT** | | | | |
| Help parties agree on further conduct of the case | N/A | ● | ▶⁵ | ▶³ |
| Streamline discovery and motions | N/A | ● | ▶ | ▶³ |
| Narrow issues and identify areas of agreement | N/A | ● | ●⁵ | ● |
| Reach stipulations | N/A | ● | ▶⁵ | ● |
| **IMPROVE UNDERSTANDING OF CASE** | | | | |
| Help get to core of case and sort out issues in dispute | ▶ | ● | ● | ● |
| Provide neutral evaluation of case | ● | ● | ○ | ▶³ |
| Provide expert in subject matter | ▶⁶ | ● | ▶⁶ | ▶³ |
| Help parties see strengths and weaknesses of positions | ● | ● | ● | ● |
| Permit direct and informal communication of clients' views | ○ | ▶ | ● | ○³ |
| Provide opportunity to assess witness credibility and performance | ● | ▶⁷ | ▶⁷ | ○ |
| Help parties agree to an informal exchange of key information | ○ | ● | ▶⁵ | ▶³ |
| **REDUCE HOSTILITY** | | | | |
| Improve communications between parties/attorneys | ○¹ | ● | ● | ▶³ |
| Decrease hostility | ○ | ● | ● | ▶³ |

18

## Notes

1. Arbitration may provide this benefit when the award triggers or contributes to settlement discussions.

2. ENE may provide this benefit when the parties use it for settlement discussions. Many of the court's ENE evaluators also have been trained as mediators.

3. Depending on the settlement judge's particular style, a settlement conference may or may not deliver this benefit.

4. The arbitration award may not be disclosed to the assigned trial judge until the action is terminated. Although the award is not admissible at a trial *de novo*, recorded communications made during the arbitration may be admissible for limited purposes.

5. Mediation may deliver this benefit, but it focuses primarily on settlement.

6. Depending on the subject of the dispute, the neutral may have expertise.

7. This benefit may result if the parties participate actively in the joint session.

19



# What else do I need to know?

## What is the ADR Multi-Option Program?

Most civil cases are assigned to the ADR Multi-Option program governed by ADR Local Rule 3. You will be notified of such assignment on the initial case management scheduling order. In this program, the parties are presumptively required to participate in one non-binding ADR process offered by the court or, with the assigned judge's permission, in an ADR process offered by a private provider.

We encourage you to discuss ADR with the other side and stipulate to an ADR process as early as feasible. If you do not stipulate early, you may be required to participate in a joint telephone conference with an ADR legal staff member to consider suitable ADR options for your case. *See* ADR Local Rule 3-5(c)(2). If you have not stipulated before your case management conference, you will discuss ADR with the judge who may refer you to one of the court's ADR processes.

## What is an ADR Phone Conference and how do I schedule one?

During an ADR Phone Conference, a member of the court's ADR legal staff will help counsel select or customize an ADR process that meets the needs of the parties. Clients are encouraged, but not required, to participate. Generally, if the parties cannot agree on an ADR process, or if they prefer a settlement conference, they must file a Notice of Need for ADR Phone Conference by the date specified in the initial case management scheduling order. *See* ADR Local Rule 3-5(c)(2). Of course, you may contact the ADR Unit to schedule an ADR Phone Conference at any time.

## How do I get my case into an ADR process?

There are two ways cases can enter an ADR process:

### By stipulation/proposed order
Counsel may file a stipulation and proposed order with the assigned judge. *See* ADR Local Rule 2-3.

20

**By other order of the court**

    The assigned judge may order the case into an ADR program at the request of a party or on the judge's own initiative, subject to the provisions of 28 U.S.C. § 654. *See* ADR Local Rule 2-3.

## When can I get my case into an ADR process?

**At any time**

    Counsel, individually or jointly, can request an ADR referral at any time. The court encourages the use of ADR as early as it can be helpful.

**Before the Case Management Conference**

    If all parties agree on an ADR process before the initial Case Management Conference, which usually occurs about 90 days after filing, you should submit a stipulation and proposed order identifying the process selected and the time frame you prefer.

**At the Case Management Conference**

    If all parties have not yet agreed on an ADR process before the initial case management conference, you will discuss ADR with the judge at the conference. You are asked to state your ADR preferences in the Joint Case Management Statement you file before that conference.

## When is the best time to use ADR and how much discovery should I first complete?

    You should consider using ADR early, whether you are seeking assistance with settlement or case management. Conducting full-blown discovery before an ADR session may negate potential cost savings. If you are using ADR for settlement purposes, you should know enough about your case to assess its value and identify its major strengths and weaknesses.

## Will ADR affect the status of my case on the trial track or disclosure and discovery?

    Assignment to an ADR process generally does not affect the status of your case in litigation. Disclosure, discovery and motions are not stayed during ADR proceedings unless the court orders otherwise. Judges sometimes postpone case management or status conferences until after the parties have had an ADR session. If your case does not settle through ADR, it remains on the litigation track.

# How might ADR be better than the parties meeting on their own?

## Getting settlement discussions started

Sometimes advocates are reluctant to initiate settlement discussions. The availability of multiple ADR options and the ADR staff allows a party to explore settlement potential without indicating any litigation weakness.

## Saving time and money

For various reasons, direct settlement discussions often do not occur until late in the lawsuit after much time and money have been spent. A substantial amount of time and money can be saved if parties actively explore settlement early in the pretrial period. An ADR process can provide a safe and early opportunity to discuss settlement.

## Providing momentum and a "back up"

Often parties successfully negotiate an early resolution to their dispute on their own. Even if you are negotiating a settlement without the assistance of a neutral, you should still consider having your case referred to an ADR process to use as a "back up" in the event the case does not settle. Meanwhile, knowing that you have a date for the ADR process may help provide momentum and a "deadline" for your direct settlement discussions.

## Overcoming obstacles to settlement

The adversarial nature of litigation often makes it difficult for counsel and parties to negotiate a settlement effectively. An ADR neutral can help overcome barriers to settlement by selectively using information from each side to:

- help parties engage in productive dialogue
- help each party understand the other side's views and interests
- communicate views or proposals in more palatable terms
- gauge the receptiveness to proposals
- help parties realistically assess their alternatives to settlement
- help generate creative solutions

## Improving case management

Discovery can be broad and expensive, and sometimes fails to focus on the most important issues in the case. An early meeting with a neutral such as an ENE evaluator may help parties agree to a focused, cost-effective discovery plan or may help them agree to exchange information informally.

# Won't I risk giving away my trial strategy in ADR?

About 98 percent of civil cases in our court are resolved without a trial. If you don't raise your best arguments in settlement discussions, you risk failing to achieve the best result for your side. Although you need not reveal in an ADR session sensitive information related to trial

strategy, you might find it useful to raise it in a confidential separate session with the neutral (available after the evaluator prepares the evaluation in ENE, or at any time in mediation or a settlement conference). You can then hear the neutral's views of the significance of the information and whether or when sharing it with the other side may benefit you in the negotiations.



# Where can I get more information?

### Website

Our website at **www.adr.cand.uscourts.gov** contains information about the court's ADR Programs, including the contents of this ADR handbook, the ADR Local Rules, ADR Forms and an application to serve as a neutral.

### Clerk's Office

You may obtain copies of this handbook and the ADR Local Rules from the intake counter at each of the Clerk's Office locations. The phone numbers for the Clerk's Office locations in San Francisco, Oakland and San Jose are as follows:

| | | |
|---|---|---|
| ► | San Francisco: | (415) 522-2000 |
| ► | Oakland: | (510) 637-3530 |
| ► | San Jose: | (408) 535-5363 |

### Court Library

The court's library on the 18th floor of the Federal Building and United States Courthouse in San Francisco is open to counsel and clients who have cases pending before the court. The library has a collection of resources on ADR. The collection includes an "ENE Handbook," which was prepared by the court for evaluators, but which might be helpful to counsel and clients with cases in ENE. The library's telephone number is (415) 436-8130.

### ADR Unit

For information about selecting an ADR process or customizing one for your case, conflicts of interest, becoming a neutral or for other information, contact:

ADR Unit - U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102
Tel: (415) 522-2199
Fax: (415)522-4112
E-mail: ADR@cand.uscourts.gov
Internet: www.adr.cand.uscourts.gov

24