Rod D. Margo (State Bar No.: 97706)
rmargo@condonlaw.com
Scott D. Cunningham (State Bar No.: 200413)
scunningham@condonlaw.com
Julia K. Doyle (State Bar No.: 245020)
jdoyle@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LIMITED

Louis Franecke (State Bar No.: 52386)
louis.franecke@gte.net
Franecke Law Group
1115 Irwin Street, Suite 100
San Rafael, California 94901
Telephone: (415) 457-7040
Facsimile: (415) 457-7041

Attorneys for Plaintiffs
ANEESH PATEL and VANDANA SHAH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANEESH PATEL, a minor, by and through his Guardian Ad Litem, KAMAL PATEL; VANDANA SHAH,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHAY PACIFIC AIRWAYS, LTD.; and Does 1 to 50,<br><br>Defendants. | Case No. CV07-6052 MEJ<br><br>**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f) AND LOCAL RULE 16-9**<br><br>Date:  March 6, 2008<br>Time:  10:00 a.m.<br>Place: Courtroom B<br>        15th Floor<br>        450 Golden Gate Ave.<br>        San Francisco, CA 94102 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California and

this Court's Scheduling Conference Order filed on November 30, 2007, the parties herein file the following joint report.

1. **Rule 26(f) of the Federal Rules of Civil Procedure**

In accordance with Rule 26(f), a conference of counsel was conducted in this case between the parties on February 13, 2008. Defendant CATHAY PACIFIC AIRWAYS, LTD. ("Defendant") participated through its attorneys, Condon & Forsyth LLP. Plaintiffs ANEESH PATEL and VANDANA SHAH (collectively, "Plaintiffs") participated through their attorney, Louis Franecke. At the conference of counsel, the parties discussed and are jointly submitting the following:

   *a.   Nature and Basis of the Parties' Claims and Defenses*
   **i. PLAINTIFFS' POSITION**
   *Facts*

On July 6, 2007, plaintiff Aneesh Patel, age 4, was traveling with his mother Vandana Shah and sister on an international flight roundtrip from San Francisco to India.

Approximately five hours from San Francisco on the return flight, Vandana Shah asked a Cathay Pacific flight attendant for water in order to make instant soup for her child, Aneesh Patel.

Scalding hot water is not served on airline flights because of the foreseeable circumstances of turbulence and unsecure platforms including close proximity of persons resulting in spillage with potentially scalding and burning consequences.

Plaintiffs presently believe that the subject flight attendant, knowing full well that scalding hot water is not to be served or utilized outside of the galley, handed a cup of scalding hot water to plaintiffs, the scalding water was placed upon plaintiff Aneesh Patel's tray. Due to instability of the tray, turbulence or

-2-
JOINT CASE MANAGEMENT STATEMENT PURSUANT TO
RULE 26(f) AND LOCAL RULE 16-9
CASE NO. CV07-6052 MEJ

jostling, the cup tipped over, spilling scalding hot water on him. Plaintiff Aneesh Patel suffered severe burns as described below.

Plaintiff Aneesh Patel was treated by a passenger doctor for the five hours remaining in the flight. Numerous witnesses in close proximity witnessed the events.

Plaintiff Aneesh Patel was taken to San Francisco General Hospital upon landing and then treated by his family physician.

Plaintiff Aneesh Patel has suffered permanent scarring and emotional distress associated thereto.

Plaintiff Aneesh Patel sustained second degree burns to his legs, genital area, and stomach area after being served with a cup of hot water during a flight from Hong Kong to San Francisco, California, on July 6, 2007.

Plaintiff Vandana Shah alleges that she suffered great emotional and mental distress, pain, anxiety and fear for her son's well-being and life, as a result of being in close proximity and directly witnessing the injuries to plaintiff Aneesh Patel.

*Legal Issues*

Plaintiffs contend that the international air flight is covered by the Warsaw Convention (49 U.S.C. § 40105) and its various Articles which have been amended and modified through various conventions over the years.

The latest modification to the Warsaw Convention is the Montreal Convention of May, 1999. The United States ratified the Montreal Convention on September 5, 2003 and it entered into force on November 4, 2003. The Montreal Convention modified certain portions of the Warsaw Convention but various interpretations of the Articles stem from the original Warsaw Convention definitions.

For purposes of the following, the Warsaw Convention and Montreal Convention, including its various steps, will be referred to as "Conventions."

The Conventions provide an exclusive remedy for international travel for those matters arising under the Convention. *El Al Israel Airlines v. Tsang*, __ U.S. 155, 161 (1999).

Pursuant to Article 17 of the Warsaw Convention, an accident must occur which is an unexpected or unusual event or happening external to the passenger. The definition should be flexibly applied after being assessed from all the circumstances surrounding the passenger's injuries. *Air France v. Saks*, 470 U.S. 392, 405 (1985).

Said Article 17 provides that the carrier is liable for damages sustained in the case of bodily injury of a passenger upon the condition that the accident happened onboard the aircraft in international flight.

Pursuant to Articles 20 and 21 of the Conventions, the carrier is strictly liable up to the amount of 100,000 Special Drawing Rights (presently approximately US$158,000) of damages sustained by the plaintiffs. Comparative negligence may be assessed against such strict liability up to the $158,000 limit. (Article 20.)

Damages exceeding $158,000 may be assessed upon Negligence or Other Wrongful Act or Omission of the carrier as proven by the facts with comparative negligence assessed. (Article 21.)

The Conventions expressly command that matters of procedure are governed by reference to local law (Article 33(4)) and local law shall determine the amount of the award. (Article 29.)

ii. **DEFENDANT'S POSITION**

*Facts*

Defendant asserts that it provided air carriage to plaintiffs pursuant to passenger tickets that provided for round-trip transportation from and to San

-4-

Francisco with intermediate stopping places in Hong Kong, Bangkok, and Bangalore, India, in June/July 2007.

Defendant's records indicate that plaintiff Vandana Shah requested that a cup of noodle soup be served to her son, plaintiff Aneesh Patel. Defendant's position is that plaintiff Vandana Shah expected the soup to be hot, because she ordered hot soup for her son from the flight attendant.

Defendant's records further indicate that plaintiff Shah spilled the entire cup of hot soup noodles on her son's lap. Therefore, it is Defendant's position that plaintiff Vandana Shah caused plaintiff Aneesh Patel's injuries (if any) by negligently spilling what she knew to be hot soup on her son during the flight.

Immediate medical attention was provided to Aneesh Patel during the flight, and an ambulance was provided to take plaintiffs to the hospital on their arrival in San Francisco.

*Legal Issues*

Defendant asserts that plaintiffs' claims are governed exclusively by the Montreal Convention, formally known as the Convention for the Unification of Certain Rules for International Air Carriage by Air, May 28, 1999 (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734, a treaty of the United States. Defendant has advised plaintiffs that the Montreal Convention is the successor to the Warsaw Convention (*Hosaka v. United Airlines, Inc.*, 305 F.3d 989, 996 (9th Cir. 2002)) and unifies and replaces the system of liability that derives from the Warsaw Convention. *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 371 (2d Cir. 2004). The Montreal Convention preempts plaintiffs' state law causes of action and provides plaintiffs' exclusive remedy. Defendant has advised plaintiffs' counsel that the Montreal Convention is not applicable in conjunction with the Warsaw Convention.

-5-
JOINT CASE MANAGEMENT STATEMENT PURSUANT TO
RULE 26(f) AND LOCAL RULE 16-9
CASE NO. CV07-6052 MEJ

Defendant asserts that plaintiffs' alleged injuries were not the result of an Article 17 "accident" as required under the Montreal Convention. Defendant also asserts that it is either wholly or partially exonerated from liability because plaintiffs' alleged injuries were caused or contributed to by plaintiffs' own negligence pursuant to Article 20 of the Montreal Convention. Defendant asserts that it was not negligent in relation to any of the injuries and/or damages sustained by plaintiffs, if any. Defendant further asserts that its liability, if any, is limited to 100,000 Special Drawing Rights of provable damages pursuant to Article 21 of the Montreal Convention. Defendant further asserts that damages for mental and emotional injuries not arising from physical injuries are not recoverable under the Montreal Convention.

### b.  *Possibilities of a Prompt Settlement or Resolution of the Case:*

The parties submit that discovery is required before meaningful settlement discussions can be conducted. At an appropriate time, the parties shall discuss settlement. This case has been assigned to the ADR Multi-Option Program. In accordance with Local Rule 16-8, the parties agreed to mediation and filed a Joint ADR Certification with Stipulation to ADR Process on February 14, 2008.

### c.  *Initial Disclosures Required by Rule 26(a)(1):*

The parties agree that their Initial Disclosures pursuant to and in the manner required by Rule 26(a) of the Federal Rules of Civil Procedure, shall be made by February 28, 2008, except for those disclosures dependent upon discovery to be commenced.

//
//
//

-6-

***d.  Proposed Discovery Plan that Indicates the Parties' Views and Proposals Concerning Discovery:***

(1) The parties agree that at this time no changes should be made to the timing, form, or requirement for disclosures under Rule 26(a).

(2) Each party intends to propound written discovery in the form of interrogatories, requests for production and requests for admissions. The parties also intend to take party depositions, depositions of percipient witnesses and depositions of treating physicians. The parties also may obtain discovery through the means of document subpoenas and medical examinations. In addition, each party intends to depose the expert witnesses, if any, designated by the other.

The parties propose the following discovery cut-off dates:

| | |
|---|---|
| Fact Discovery Cut-Off Date: | October 31, 2008; |
| Plaintiffs' Expert Disclosures Due: | November 7, 2008; |
| Defendant's Expert Disclosures Due: | November 21, 2008; |
| Expert Discovery Cut-Off Date: | December 18, 2008. |

The subjects on which discovery may be needed include:

i. The nature and extent of intentional misconduct on the part of the airline or its flight personnel;

ii. Identities of witnesses, including treating physician onboard the flight (defendant contends that the identities of witnesses are protected from full disclosure by the confidentiality provisions of the regulations which mandate maintenance of a passenger list. *See Wallman v. Tower Air, Inc.*, 189 F.R.D. 566 (N.D. Cal. 1999). Defendant would be willing to provide a list of passengers to plaintiffs subject to a protective order, as set forth in *Wallman*. Plaintiffs contend otherwise);

iii. The nature and extent of plaintiffs' injuries, damages, pain and

-7-

JOINT CASE MANAGEMENT STATEMENT PURSUANT TO
RULE 26(f) AND LOCAL RULE 16-9
CASE NO. CV07-6052 MEJ

suffering, and economic loss.

    iv. Whether an "accident" occurred as defined by the Montreal Convention (or other applicable treaty);

    v. Whether plaintiffs' damages arise out of any physical injuries sustained as a result of an "accident" as defined by the Montreal Convention (or other applicable treaty);

    vi. Whether plaintiffs' damages were caused by negligence on the part of Defendant or its agents;

    vii. Whether plaintiffs' alleged injuries were caused or contributed to by their own negligence pursuant to Article 20 of the Montreal Convention;

    viii. Whether plaintiffs' damages were caused by a third party;

    ix. The nature and extent of plaintiffs' alleged injuries, and plaintiffs' past and future medical treatment.

The parties agree that discovery does not need to be conducted in phases or be limited to or focused upon particular issues, other than relevant and non-privileged issues.

(3) The parties do not anticipate any issues related to disclosure of electronically stored information. The parties agree that any electronically stored information shall be converted to physical form and produced as physically stored information.

(4) The parties agree that any claims of privilege or of protection as trial-preparation material shall be made in accordance with Rule 26(b).

(5) The parties agree that no changes should be made limiting discovery imposed under these rules or by local rules or that any other limitations should be imposed at this time.

(6) At this time, the parties are not aware of any orders that should be

-8-

1   entered by the Court under Rule 26(c) or Rule 16(b) and (c).

2

3   **2.   Local Rule 16-9 Requirements**

4   Pursuant to Local Rule 16-9 the parties have discussed the following issues:

5   (a)   *Jurisdiction and Service*.  Defendant contends that this action arises under the Montreal Convention, a treaty of the United States, and that this Court has jurisdiction under 28 U.S.C. § 1331.  Furthermore, Defendant contends that the case should be assigned to this location or division of this Court because the plaintiffs' point of departure and arrival was San Francisco International Airport.

Plaintiffs contend that the Warsaw Convention and Montreal Convention govern this action.

(b)   *Facts*.  Please refer to subsection 1(a), above.

(c)   *Legal Issues*.  Please refer to subsection 1(a), above.

(d)   *Motions*.  There are no prior or pending motions at this time.

Plaintiffs may file a motion for summary judgment on the grounds of strict liability pursuant to the Conventions up to the limit of $158,000.00.  Plaintiffs may further seek to amend the pleadings dependent upon discovery of the actual facts and circumstances associated with plaintiff's injury and the actions of defendant airline and its flight personnel.

Plaintiffs may amend the complaint to include willful and intentional injury depending upon discovery.

Defendant may file a motion for summary judgment on the grounds that plaintiff's alleged injuries were not caused by an "accident" under Article 17 of the Montreal Convention.  In the alternative, Defendant may file a motion for partial summary judgment on the grounds that plaintiffs' injuries were not caused by any acts or omissions on the part of Defendant and, therefore, plaintiffs are not entitled to damages in excess of the limits provided under the Montreal Convention.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-9-

Defendant also anticipates filing a motion for partial summary judgment on the grounds that emotional damages are not recoverable under the Montreal Convention.

(e)  **_Amendment of Pleadings_**.  At this time, the parties do not anticipate joinder of additional parties or claims.  The parties propose a deadline of April 28, 2008, for amending the pleadings.

(f)  **_Evidence Preservation_**.  The parties shall take all reasonable steps necessary to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

(g)  **_Disclosures._**  The parties agree that they will serve their initial disclosures as required by the Federal Rules of Civil Procedure.

(h)  **_Discovery_**.  Please refer to subsection 1(c), above.

(i)  **_Class Actions_**.  This matter is not a class action.

(j)  **_Related Cases_**.  At this time, there are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

(k)  **_Relief_**.  Plaintiffs seek damages in the estimated amount of $260,000, comprised of estimated $30,000 for past and future medical expenses by plaintiff Aneesh Patel, estimated $50,000 for future loss of earnings by plaintiff Aneesh Patel, and estimated $180,000 for pain and suffering by plaintiffs Aneesh Patel and Vandana Shah.  Damages may be revised as the medical condition of plaintiff warrants.

Defendant asserts that any and all damages recoverable by plaintiffs, if any, are limited in accordance with Articles 20 and 21 of the Montreal Convention. Defendant further asserts that damages for mental and emotional injuries not

-10-

arising from physical injuries are not recoverable under the Montreal Convention.

(l) **Settlement and ADR**. Please refer to section 1(b), above.

(m) **Consent to Magistrate Judge For All Purposes**. Plaintiffs consent to the assignment of this case to a United States Magistrate Judge for trial.

Defendant does not consent to assignment of this case to a United States Magistrate Judge for trial. Defendant does consent to assignment of this case to a United States Magistrate Judge for the sole purpose of holding an early settlement conference.

(n) **Other References**. The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

(o) **Narrowing of Issues**. The parties do not anticipate that any issues can be narrowed by agreement or by motion at this time, and the parties see no need for bifurcation of issues, claims, or defenses.

(p) **Expedited Schedule**. Plaintiffs contend that defendant is a foreign corporation doing business in the United States and specifically in San Francisco. Plaintiffs assert that issues relating to the injury sustained involve flight attendant witnesses, witness passengers onboard the flight, specifically a treating physician who administered aid to plaintiff Aneesh Patel for five hours prior to the flight concluding in San Francisco. Plaintiffs assert that flight manuals specifying policies and procedures are within the care, custody and control of defendant and should be readily available as flight personnel are required to be familiar with them and that defendant trains flight personnel in the United States.

Plaintiffs contend that there is no reason that an expedited discovery schedule from defendant cannot be implemented. The schedule proposed under (q) is for suggestion purposes only, however plaintiffs would request a more expedited scheduling.

-11-

JOINT CASE MANAGEMENT STATEMENT PURSUANT TO
RULE 26(f) AND LOCAL RULE 16-9
CASE NO. CV07-6052 MEJ

Defendant submits that this case cannot be handled on an expedited basis with streamlined procedures, as Defendant is a foreign corporation, located in Hong Kong.

(q) **Scheduling**. The parties propose the following dates:

| | |
|---|---|
| Fact Discovery Cutoff: | October 31, 2008 |
| Plaintiffs' Expert Disclosures Due: | November 7, 2008 |
| Defendant's Expert Disclosures Due: | November 21, 2008 |
| Expert Discovery Cutoff: | December 18, 2008 |
| Hearing of Dispositive Motions: | January 23, 2009 |
| Pretrial Conference: | February 9, 2009 |
| Trial: | February 16, 2009 |

(r) **Trial**. At this time, Defendant estimates that the length of the trial will be approximately four court days. This estimate is based on Defendant's position that this case will be tried to the Court rather than a jury on the grounds that plaintiffs failed to request a jury within 10 days after removal pursuant to Rule 81(c) of the Federal Rules of Civil Procedure.

Plaintiffs estimate trial to be six court days. Plaintiffs contend that a jury trial is mandated pursuant to Federal Rules of Civil Procedure 39(c) and 81(c). The case has been removed from California State Court and per California Code of Civil Procedure § 631 a demand for jury trial is not required as the right to a jury trial is preserved per Sect. 16, Article I of the California Constitution. Plaintiffs contend that they have not waived a jury.

(s) **Disclosure of Non-Party Interested Entities or Persons**. Pursuant to Civil L.R. 3-16, Defendant certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or

-12-

in a party that could be substantially affected by the outcome of this proceeding:

    a. Cathay Pacific Airways, Ltd.;

    b. Swire Group;

    c. CNAC Limited;

    d. CITIC Pacific; and

    e. Various underwriters in the international insurance market.

(t) **Other matters.** None at this time.

Dated: February 28, 2008          CONDON & FORSYTH LLP

By: _____
ROD D. MARGO
SCOTT D. CUNNINGHAM
JULIA K. DOYLE
Attorneys for Defendant
CATHAY PACIFIC AIRWAYS

Dated: February 28, 2008          FRANECKE LAW GROUP

By: /s Louis Franecke
LOUIS FRANECKE
Attorney for Plaintiffs
ANEESH PATEL and
VANDANA SHAH

-13-

JOINT CASE MANAGEMENT STATEMENT PURSUANT TO
RULE 26(f) AND LOCAL RULE 16-9
CASE NO. CV07-6052 MEJ